UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| CARLESTER W. TAPP, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 3:13-cv-0017-JMS-WGH |
| EVANSVILLE POLICE DEPT., et al., | ) ) ) |
| Defendants, | ) |

**Entry Dismissing Insufficient Claim and Directing Service of Process**

**I.**

Plaintiff Carlester W. Tapp alleges that his constitutional rights were violated by the Evansville Police Department and Officer B.K. Watson[1] in the course of a search and his arrest in March of 2012.

Pursuant to 28 U.S.C. ' 1915(e)(2)(B), a court shall dismiss a case at any time if the court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

The claim against the Evansville Police Department is in all respects except for name against the City of Evansville. Although a municipality is a Aperson@ subject to suit under ' 1983, *Monell v. Dept. of Social Services*, 436 U.S. 658, 690 (1978), a municipality can be found liable under ' 1983 only if action pursuant to an official policy or custom of the municipality causes a constitutional tort. *Id.* at 690-91; *Thomas v. Cook County Sheriff's Dept.*, 604 F.3d 293, 306 (7th

---

[1]The clerk shall **update the docket** to reflect the individual defendant as "Officer B. K. Watson."

Cir. 2010) (plaintiff must show injuries were caused by policies or practices). The plaintiff has alleged no municipal policy or custom concerning any constitutional violations.

In addition, alleging that the police department conspired with the defendant officer to deprive plaintiff of his rights fails to state a claim upon which relief can be granted. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 & 557 (2007)).

Thus, the plaintiff has failed to state a claim upon which relief can be granted as to the Evansville Police Department.

No partial final judgment shall issue as to the claim dismissed in this Entry.

**II.**

The clerk is designated pursuant to *Fed. R. Civ. P.* 4(c) to issue process to defendant Officer B. K. Watson in the manner specified by Rule 4(d). Process shall consist of the complaint filed on January 31, 2013, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: 05/07/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**

Distribution:

CARLESTER W. TAPP
1321 S. Alvord Blvd.
Evansville, IN 47714

Officer B. K. Watson
Evansville Police Department
15 NW Martin Luther King Jr. Blvd.
Evansville, IN 47708